McFarland, J.,
delivered the opinion of the court;
On the 25th of May, 1859, a tract of land belonging to the defendant, J. B. Ervin, was sold under levy and condemnation, founded upon a judgment of a justice of the peace against said Ervin, in favor of J. 0. Grant & Oo., and purchased by Samuel May. Subsequently, tbe defendant, Jacob Adler, being a judgment creditor of Ervin, having two judgments in his own favor, and also a jndg *511 ment transferred to bim by Philip' Parks, redeemed the land from May, by paying Mm the amount of Ms bid, $41.75, and crediting Ms three judgments in full, $145.57. Afterwards, on the 7th of May, 1861, the complainant, Edwards, having also obtained a judgment against Ervin, redeemed the land from Adler, paying Mm the amount he had paid May, and also his judgments and interest, in all, $207.37, and crediting Ms judgment, $305.82.
It appears that in a contest between complainant, Edwards, claiming under this title, and Mrs. E. T. Shannon, also claiming the land as a purchaser a,t execution sale, Ihe title of complainant, Edwards, was adjudged to- be invalid — upon what grounds does not appear, as the final decree of this court was not offered in evidence.
It is charged in the present bill that it was because the execution of Grant & Co. was levied more than thirty days after its issuance, and also because the notice required by the statute was not given to the defendant in possession. At all events, it has been adjudged that complainant, Edwards, acquired no title by his redemption.
Upon these facts, the complainant, Edwards, filed the present bill to have -the satisfaction of his judgment against J. P. Ervin, set aside, and also to recover of Adler the amount paid Mm in redemption.
The relief was granted, and Adler has appealed, and the question is as to the correctness of that part of the chancellor's decree allowing tire complainant to recover of Ad-lei' the amount paid Mm in redemption, with interest. It is argued in support of the decree, that, although the general rule as to purchasers at execution sales is caveat emptor, yet this implies that the purchaser or redeeming creditor has acquired whatever title execution debtor had.
If this turns out to be bad or inferior to some other title, that there is no relief for the purchaser; but if the sale failed to pass the title of -the debtor,, then the entire' pro • ceeding is void, and the purchaser of redeeming creditor may recover back the money paid.
*512 To support this distinction, we are referred to the cases of Henderson v. Overton, 2 Yer., 394, and Keeling v. Heard et al., 3 Head, p. 592.
The first case was met upon the ground that the land was sold under a void judgment; and therefore the creditor was not entitled to the money, and it should he refunded to the purchaser.
In the second case, the land had heen sold under a judgment that had been previously paid, and it was clear that the creditor in that case was not entitled to retain 'the money, but should have refunded it to the purchaser.
But we see nothing in the reasoning of the opinions in the cases to justify the distinction insisted upon.
Where, as in this case, the original creditor as well as the redeeming creditor, had valid and subsisting judgments, and the land or property of the debtor is claimed under the sale, the last redeeming creditor tákes under the rule caveat emptor, where there is no fraud or misrepresentation, and has mo right to recover back the money paid, whether the title fail because there was no title in the debtor, or because the proceedings were so defective as not to pass his title.
The redeeming creditor has full opportunity to inspect the record of the proceedings under which he redeems, and there is no implied warranty of title.
' The complainant charges and proves by his own testimony, that he relied upon the representations of Adler, as to the validity of the sale; but this is disproved by his own testimony in the previous case with Mrs. Shannon; besides, it was probably, at most, but the expression of an opinion by Adler, and not the statement of a particular fact.
Caveat emptor is the undoubted rule, and we see no ground for the exception contended for. See Whitmore v. Park, 3 Hum., 95; Reid v. House, 2 Hum., 576; Bostick v. Winton, 1 Sneed, 524.
*513 These authorities fully recognize the general rule, and make no reference to any such exception.
As strongly favoring this view, it will be found that the act of 1849-50, Code, sec. 2996 [Shannon’s Code, sec. 4726], has provided a different, remedy, which may be fairly held to apply in favor of a redeeming creditor. This section enacts that “in all cases in which property, real or personal, is recovered from the purchaser at execution, or master’s sale, by the defendant, his heirs or representatives, or by third persons, the court rendering the judgment, or making the sale, may, in its discretion, upon application of such purchaser, and scire facias sued out, set aside the satisfaction entered and revive the original judgment or decree for the benefit of said purchaser.”
Previous to this, relief was granted only where the property was recovered by a third person. By the above section, it was extended to cases where the property was. recovered by the defendant, his heirs or representatives, showing that where the proceedings were ineffectual to. pass the defendant’s title, and he recovered back the property, this section points out the remedy of the purchaser, which is not to recover back the money paid, but to revive the original judgment or judgments for his benefit.
If Adler was required to refund the amount paid him by the complainant, he ought to have a decree for the amount paid by him to May, who, in turn, should have a decree against the original execution creditors, Grant & Co., neither of whom are parties to the case. But, as we have indicated, we think the complainant is not entitled to a decree against Adler for the money paid.
It also appears in this record that this redemption by the complainant was most probably for the benefit of J. B. Ervin, as he furnished a large part of the money, which has never been repaid to him.
But it is unecessary in the view we have taken, to further notice this question.
*514 Tba decree of tbe chancellor against Adler will be reversed. The complainant may have the satisfaction of Adler’s judgments against Ervin set aside, as well as the original judgment in favor of Grant & Co., and have the same revived for his benefit against Ervin, less the amounts furnished by Ervin to accomplish this redemption, which have not been repaid.
If the complainant desires to prosecute this part of the case further, the cause may be remanded to ascertain, by account, the true state of accounts between complainant and Ervin, and a decree as indicated.
The costs of this court, and the costs of the court below, as to Adler, will be paid by complainant.